Daniel, Judge.
 

 — It seems to us that the plaintiff had her election either to bring an action of covenant in a Court of record, or debt before a justice for sixty dollars. This is not a bond for an entire debt payable by instal-ments. For rent payable quarterly or otherwise, or for an annuity, or on a stipulation to pay £10 on one day and
 
 *228
 
 £10 on another, debt lies on each default. I Chitty’s Pleading, 106. As the plaintiff brought her warrant for an annuity °f sixty dollars due by bond, could the specialty which was offered, be received as evidence, so as to entitle her to a judgment for that sum ? It seems to us, that although the plaintiff vouches a specialty, still when it is produced and discloses stipulations and covenants, that the defendant should teach the plaintiff’s servant a trade in
 
 two
 
 years, and also furnish the slave with meat and drink for
 
 two
 
 years, these covenants (which are not said to be broken) do not enter into the description or substance of the annuity of sixty dollars, which the defendant by the bond agreed to pay her annually for two years, and for which she could bring debt so often as the annuity became due. We think that the evidence was admissible, and that the variance between that specialty and the supposed bond mentioned in the warrant, is immaterial as to the subject-matter of this suit. The bond shows that the annuity is sixty dollars, and for that sum only is this action of debt brought. We think the judgment should be affirmed.
 

 Per Curiam. Judgment affirmed.